UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| ELAINE DECOULOS, <br><br> Plaintiff, <br><br> v. <br><br> BRUNO LIONEL SCHRODER and SUZANNE FREIFRAU VON MALTZAHN, ET AL., <br><br> Defendants. | CIVIL ACTION <br> NO. 1:11-cv-10972-DPW |

**DEFENDANTS BRUNO LIONEL SCHRODER AND SUZANNE FREIFRAU VON MALTZAHN'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND**

Defendants Bruno Lionel Schroder and Suzanne Freifrau von Maltzahn (the "Schroder Defendants") hereby oppose plaintiff's "Motion to File and Permit Service of Amended Complaint with Summons in Place of Original Complaint." The Schroder Defendants also respectfully request that the Court dismiss plaintiff's claims against them with prejudice both for the reasons set forth in their motion to dismiss and based on the plaintiff's repeated failure to comply with the Court's scheduling orders. As grounds for their motion, the Schroder Defendants state as follows:

1. The Schroder Defendants moved to dismiss plaintiff's claims against them on August 24, 2012. (Doc. #27). As a result of several extensions of time granted by the Court, plaintiff's opposition papers were due on November 9, 2012.

2. By the time the parties appeared for the initial scheduling conference on November 16, 2012 -- seven days *after* the extended deadline for plaintiff's opposition -- plaintiff still had not filed her opposition papers. Rather than dismissing the case at that time, the Court granted plaintiff still another extension of time until November 26, 2012 to oppose the motion. The Court also ruled that the case would be dismissed absent the filing of opposition papers on or before that date. (Doc. #81) Plaintiff expressed complete understanding of the Court's ruling.

3. Plaintiff failed to comply with the Court's order requiring her opposition papers to be filed by November 26, 2012. She did so despite knowing that failing to file an opposition would result in the dismissal of her claims against the Schroder Defendants. As of today's date (December 17, 2012), plaintiff still has not filed an opposition to the Schroder Defendants' motion to dismiss.

4. Instead of complying with the Court's order, plaintiff filed on December 11, 2012 a motion to amend her complaint. (Doc. #88)

5. Apart from flouting the Court's November 16, 2012 order that the complaint be dismissed absent the filing of an opposition to the motion to dismiss by November 26, 2012, the motion to amend obviously is untimely and without merit.

6. Plaintiff does not have the right to amend her complaint as of right 109 days after service of the Schroder Defendants' August 24, 2012 motion to dismiss. *See* Fed. R. Civ. P. 15(a)(1)(B) (plaintiff may amend as of right 21 days after service of a Rule 12(b) motion).

7. The proposed amendment also is futile. The amended complaint (dated July 19, 2012) is the same version of the complaint plaintiff attempted to serve on the defendants (despite having filed a different version with the Court). A copy of the pleading previously was filed as Exhibit A to the Declaration of Rupert Grey filed with the Schroder Defendants' motion to dismiss.

8. As explained in footnote 11 to the Schroder Defendants' memorandum of law in support of their motion to dismiss, the principal differences between the two documents is that the amended complaint takes issue with an August 2005 Daily Mail article and, in addition, blames the Schroder Defendants for MGH losing Decoulos's medical records in March 2009. Amended Complaint, ¶¶ 29-31, 36. As with plaintiff's other claims, the August 25, 2005, Daily Mail article is well outside the three-year statute of limitations. Moreover, Decoulos sued on the same article in London, only to have the case stricken by the court. See Affidavit of Plaintiff, Exhibit A (Doc. 9-1) at ¶¶ 1-3, 11-12 and Exhibit D (Doc. 9-4). The alleged disappearance of Decoulos's medical records in March 2009 also is outside the statute of limitations and,

- 3 -

moreover, falls far short of passing the "plausibility test" required to state a claim.  See generally Schatz v. Republican State Leadership Committee, 669 F.3d 50, 56 (1st Cir. 2012).

9. In sum, plaintiff unjustifiably failed to oppose the Schroder Defendants' motion to dismiss.  Her proposed amendment is untimely and futile, and fails as a matter of law for the same reasons as her original complaint.

WHEREFORE, the Schroder Defendants respectfully request that the Court deny plaintiff's motion to amend and enter judgment on their behalf dismissing with prejudice all of plaintiff's claims against them.  The Schroder Defendants are not at this time seeking an award of costs or attorney's fees, but respectfully reserve the right to do so in the event plaintiff continues to engage in dilatory litigation tactics causing the Schroder Defendants to incur unnecessary legal fees and expenses.

**BRUNO LIONEL SCHRODER and SUZANNE FREIFRAU VON MALTZAHN,**

By their attorneys,

/s/ Jonathan M. Albano
Jonathan M. Albano, BBO #013850
jonathan.albano@bingham.com
Doreen M. Rachal, BBO #667837
doreen.rachal@bingham.com
**BINGHAM MCCUTCHEN LLP**
One Federal Street
Boston, MA  02110-1726
617.951.8000

Dated: December 17, 2012

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 17, 2012.

/s/ Jonathan M. Albano, BBO #013850
jonathan.albano@bingham.com