UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELAINE M. DECOULOS,<br><br>    Plaintiff,<br><br>    v.<br><br>BRUNO LIONEL SCHROEDER, SUZANNE MALTZAHN, ASSOCIATED NEWSPAPERS, LTD., SOLO SYNDICATION, LTD., PROQUEST, LLC, THE SCOTSMAN PUBLICATIONS, LTD., CENGAGE LEARNING, INC., THE GALE GROUP, INC., AND HIGHBEAM RESEARCH, INC.,<br><br>    Defendants. | Civil No. 1:11-CV-10972-DPW |

**DEFENDANTS ASSOCIATED NEWSPAPERS, LTD., SOLO SYNDICATION, LTD., PROQUEST, LLC. AND THE SCOTSMAN PUBLICATIONS, LTD.'S JOINT OPPOSITION TO PLAINTIFF'S MOTION TO AMEND**

Defendants Associated Newspapers, Ltd. ("ANL"), Solo Syndication, Ltd. ("SSL"), ProQuest, LLC ("ProQuest"), and The Scotsman Publications, Ltd. ("The Scotsman") (collectively, "Defendants") respectfully submit this joint opposition to Plaintiff's "Motion to File and Permit Service of Amended Complaint with Summons in Place of Original Complaint" (the "Motion") filed with the Court on December 14, 2012. In addition to opposing the Motion, Defendants respectfully request that the Court dismiss Plaintiff's claims against them with prejudice both for the reasons set forth in their respective motions to dismiss (Dkt. Nos. 39, 49, 53) and based on Plaintiff's repeated failure to comply with the Court's November 16th order (Dkt. 81). As grounds therefore, Defendants state as follows:

1. On May 27, 2011, Plaintiff filed with the Court a Complaint setting forth defamation and infliction of emotional distress claims against Defendants (Dkt. No. 1). After the Court granted

1

numerous extensions of time to serve Defendants (Dkt. Nos. 6-10), Plaintiff purported to serve Defendants with the Complaint in July 2012.

2. ANL and SSL collectively filed a motion to dismiss Plaintiff's claims against them on September 10, 2012. (Dkt. No. 39).

3. The Scotsman filed a motion to dismiss Plaintiff's claims against it on September 17, 2012. (Dkt. No. 49).

4. ProQuest filed a motion to dismiss Plaintiff's claims against it on September 27, 2012. (Dkt. No. 53).

5. As a result of several extensions of time granted by the Court (Dkt. Nos. 43-44, 56-58, 64-65, 70-72), Plaintiff's oppositions to each of the Defendants' respective motions to dismiss were due on November 9, 2012 (Dkt. No. 72).

6. On November 16, 2012, the parties appeared before the Court for an initial scheduling conference. As of that date, Plaintiff had not filed any opposition to Defendants' respective motions to dismiss, even though the Court has ordered Plaintiff to file her responses by November 9, 2012. Rather than dismissing the case at that time, the Court granted Plaintiff a final extension of time until November 26, 2012 to oppose Defendants' pending motions (Dkt. 81). The Court also warned Plaintiff that it would dismiss the case absent Plaintiff's filing of timely opposition papers on or before that date. Immediately following the conference, the Court issued an order stating: "[C]ase will be dismissed absent filing of [plaintiff's] opposition[.]" (Dkt. No. 81).

7. Even though she was fully aware that failing to file any opposition to Defendants' respective motions would result in dismissal of her claims, Plaintiff failed to comply with the Court's order. Plaintiff did not file any opposition to Defendants' motions to dismiss by November 26, 2012.

8. As of today's date (December 20, 2012), over three weeks past the Court's deadline, Plaintiff still has not filed any oppositions to Defendants' respective motions to dismiss.  Nor did Plaintiff timely file any requests for any additional extensions of time with the Court.  Instead, on December 11, 2012, Plaintiff filed the instant Motion (Dkt. No. 88).

9. Plaintiff's Motion should be denied because Plaintiff failed to comply with the Court's November 16, 2012 order that the Complaint would be dismissed unless Plaintiff filed an opposition to the Defendants' motions to dismiss by November 26, 2012.  Further, Plaintiff's motion to amend is untimely and is without merit.

10. Plaintiff is not entitled to amend her complaint as of right.  *See* Fed. R. Civ. P. 15(a)(1)(A)-(B) (a plaintiff may amend as of right within 21 days after service of the complaint or service of a Rule 12(b) motion).  As set forth in detail in Defendants' motions to dismiss, Plaintiff attempted to serve Defendant with an improper version of the Complaint in July 2012 (Dkt. Nos. 11, 14-15).  Approximately five months have passed since such improper service and it has been nearly over sixty days since Defendants filed their respective motions to dismiss.

11. Even if Plaintiff's Motion was timely (it is not), Plaintiff's motion to amend should also be denied because the proposed amendment is futile.  As set forth in Defendants' motions to dismiss, the proposed amended complaint (dated July 19, 2012) attached to Plaintiff's Motion is the same version of the complaint Plaintiff attempted to serve on the Defendants in July 2012 (which differs from the version filed with the Court in May 2011).

12. Plaintiff's proposed amended complaint suffers from the same infirmities as Plaintiff's original complaint filed with the Court in May 2011, namely, Plaintiff's claims against all Defendants are barred by the applicable statutes of limitations and the fair report privilege, and Defendants ANL, SSL and The Scotsman are not subject to personal jurisdiction in

Massachusetts. The proposed amended complaint contains no allegations that would alter these inevitable conclusions.

13. Further, Plaintiff's failure to effectuate proper service on Defendants ANL, SSL and The Scotsman was not limited to failing to serve a copy of the complaint filed with the Court. Despite this Court's three generous extensions of time to Plaintiff, Plaintiff's service (of the wrong complaint) on these Defendants was also untimely. The Court therefore should not permit Plaintiff to rely on the untimely service of summonses on Defendants ANL, SSL and The Scotsman, which failed to comply with the Federal Rules of Civil Procedure and this Court's June 19, 2012.

WHEREFORE, Plaintiff has flouted the explicit order of the Court requiring her to file oppositions to Defendants' pending motions to dismiss by November 26, 2012 and, therefore, Defendants respectfully request that the Court deny Plaintiff's Motion and enter judgment on their behalf dismissing with prejudice all of Plaintiff's claims against them.

Respectfully submitted,

ASSOCIATED NEWSPAPERS, LTD. and
SOLO SYNDICATION, LTD.,

By their attorneys,

/s/ Geri L. Haight
Geri L. Haight, BBO#638185
MINTZ, LEVIN, COHN, FERRIS,
  GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000
glhaight@mintz.com

        PROQUEST LLC

        By its attorney,

        /s/ Geri L. Haight
        Geri L. Haight, BBO#638185
        MINTZ, LEVIN, COHN, FERRIS,
          GLOVSKY AND POPEO, P.C.
        One Financial Center
        Boston, Massachusetts 02111
        (617) 542-6000
        glhaight@mintz.com


        THE SCOTSMAN PUBLICATIONS, LTD.

        By its attorney,

        /s/ Geri L. Haight
        Geri L. Haight, BBO#638185
        MINTZ, LEVIN, COHN, FERRIS,
          GLOVSKY AND POPEO, P.C.
        One Financial Center
        Boston, Massachusetts 02111
        (617) 542-6000
        glhaight@mintz.com


Dated:        December 20, 2012

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 20, 2012 this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the date of electronic filing.

                                                /s/ Geri L. Haight
                                                Geri L. Haight

7998422v.1