UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELAINE M. DECOULOS,<br><br>                              Plaintiff,<br><br>         v.<br><br>BRUNO LIONEL SCHRODER, SUZANNE MALTZAHN, ASSOCIATED NEWSPAPERS LTD., SOLO SYNDICATION, LTD., THE SCOTSMAN PUBLICATIONS, LTD., CENGAGE LEARNING, INC., THE GALE GROUP, INC., HIGHBEAM RESEARCH, INC.,<br><br>                              Defendants. | Civil Action<br>No. 1:11-cv-10972-DPW |

**DEFENDANTS CENGAGE LEARNING, INC., THE GALE GROUP, INC. AND HIGHBEAM RESEARCH, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND**

Defendants Cengage Learning, Inc., The Gale Group, Inc. and HighBeam Research, Inc.[1] (collectively, the "Cengage Defendants"), by and through their undersigned counsel, hereby oppose plaintiff's "Motion to File and Permit Service of Amended Complaint with Summons in Place of Original Complaint."

Currently pending before the Court is the Cengage Defendants' unopposed motion to dismiss plaintiff's claims against them. Rather than submit timely opposition to the Cengage Defendants' motion, plaintiff instead filed the instant motion. As set forth in greater detail below, plaintiff's motion fails to moot the Cengage Defendants' motion to dismiss or even address the grounds Cengage and Gale raised therein for dismissal of the claims against the Cengage Defendants.  Therefore, the Cengage Defendants respectfully request that the Court

---

[1] As has been disclosed in the Cengage Defendants' Corporate Disclosure Statement, Dkt. No. 82, HighBeam Research, Inc. was merged into The Gale Group, Inc. in 2009 and is no longer a separate legal entity.

deny plaintiff's instant motion as futile and untimely and dismiss with prejudice the claims against the Cengage Defendants.

As the bases for their opposition to plaintiff's motion and for their prayer for relief, the Cengage Defendants state as follows:

1. The Cengage Defendants moved to dismiss plaintiff's claims against them on November 21, 2012. Dkt. 83, 84, 85. According to Local Rule 7.1(b)(2), plaintiff's opposition was due fourteen (14) days later on December 5, 2012.

2. To date, plaintiff has not filed an opposition to the Cengage Defendants' motion to dismiss.

3. Instead, on December 11, 2012, plaintiff filed the instant motion entitled "Motion to File and Permit Service of Amended Complaint with Summons in Place of Original Complaint." Dkt. 88.

**Plaintiff's Motion to Amend Should be Denied as Futile and Inexcusably Delayed**

4. To the extent that plaintiff's motion is construed as a motion to amend the complaint, it is futile and untimely and should therefore be denied.

5. The amended complaint submitted with plaintiff's instant motion is the same unfiled amended complaint addressed in the Cengage Defendants' pending motion to dismiss. See Declaration of C. Luke Brussel, ¶ 3 and Ex. A (Dkt. 85).

6. With respect to the Cengage Defendants, plaintiff alleges in the amended complaint that "[f]rom 2008" Cengage reprinted articles first published in 2003 and 2004 by newspapers in Great Britain and Scotland, Amd. Compl. ¶¶ 29, 40, 42, and 44, and that statements in the original articles concerning court proceedings against plaintiff caused her reputational and emotional harm. Amd. Compl. ¶¶ 34, 55.

2

7.      The Cengage Defendants' motion to dismiss asserts that the amended complaint fails under Fed. R. Civ. P. 12(b)(6) because its defamation and emotional distress claims are time-barred (because plaintiff asserted these claims, which accrued in 2003 and 2004 when the articles were first printed, far after the three-year statutory period) and because these claims are further barred by the fair report privilege (because fair reports of judicial proceedings are privileged and cannot form the basis of tort claims). See Memorandum in Support of Motion to Dismiss, pp. 5-7 (Dkt. 84).

8.      Because the Cengage Defendants have shown that the amended complaint is subject to dismissal (and plaintiff has not opposed the motion to dismiss), plaintiff's motion to file the amended complaint and proceed with the claims set forth therein is futile against the Cengage Defendants. See Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996) ("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."). For this reason alone, plaintiff's motion to amend should be denied. See Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 59 (1st Cir. 1990) (affirming denial of motion to amend because "[w]here an amendment would be futile or would serve no legitimate purpose, the district court should not needlessly prolong matters.").

9.      Moreover, plaintiff also delayed without sufficient cause to seek permission to file the amended complaint. See Steir v. Girls Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004) ("the longer a plaintiff delays, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is sufficient reason for the court to withhold permission to amend").

10.      Plaintiff has been on notice that the amended complaint was unable to sustain a motion to dismiss since at least September 10, 2012, when defendants Associated

Newspapers Ltd. and Solo Syndication Ltd moved for that complaint's dismissal on statute of limitations and fair report privilege grounds.  <u>See</u> Memorandum in Support of Motion to Dismiss (Dkt. 40).  Plaintiff admits she was on notice in the instant motion but "was unsure of the way forward . . . [and] then overwhelmed with the case law."  Motion to Amend, ¶ 4.  While plaintiff delayed action, defendants The Scotsman Publications Ltd., ProQuest LLC, and the Cengage Defendants have all moved on the same grounds to dismiss the amended complaint that plaintiff now belatedly seeks to file.  <u>See</u> Dkt. 50, 54, 84.

11. In addition to its futility, plaintiff's motion to amend the complaint comes too late before the Court, after several defendants have sought the same complaint's dismissal, and should for this additional reason be denied.

**<u>If Construed as an Opposition to the Motion to Dismiss,</u>**
**<u>Plaintiff's Motion Should be Denied as Untimely and Futile</u>**

12. To the extent that plaintiff's motion is construed as an opposition to the Cengage Defendants' motion to dismiss, it is untimely without any justifiable cause and insufficient to defeat the grounds asserted by the Cengage Defendants to dismiss all claims against them.

13. As stated above, plaintiff has been on notice since at least September that service of a complaint not on file in the Court is insufficient process.  <u>See</u> <u>Benjamin v. Grosnick</u>, 999 F.2d 590, 592-93 (affirming dismissal of action due to service of wrong complaint, good cause for the error being defeated by plaintiff's failure to acknowledge or correct the deficiency after notice thereof) (cited by defendants Associated Newspapers Ltd., Solo Syndication Ltd, The Scotsman Publications Ltd., and ProQuest LLC and incorporated by reference by the Cengage Defendants in memoranda of law in support of their motions to dismiss, see, respectively, Dkt. 40, pp. 6-7; Dkt. 50, p. 6; Dkt. 54, p. 5-6; Dkt.  84, p. 4).  Plaintiff has engaged

4

in delay unwarranted by her uncertainty about legal procedure in an action she initiated. For this reason, the Court should not condone plaintiff's belated attempt to cure process on the Cengage Defendants.

14. Moreover, the amended complaint, as the Cengage Defendants have argued unopposed in their motion to dismiss, cannot survive dismissal because its claims are barred by statutes of limitation and the fair defense privilege.

WHEREFORE, for the reasons stated above, the Cengage Defendants respectfully submit that plaintiff's motion, however construed, should be denied. In the absence of a decision by the Court to extend plaintiff's time to oppose their motion to dismiss, the Cengage Defendants also request that the Court enter judgment on their behalf dismissing with prejudice all of plaintiff's claims against them.

CENGAGE LEARNING, INC., THE
GALE GROUP, INC. AND HIGHBEAM
RESEARCH, INC.

By their attorney,

   /s/ John DeWick
John (Jed) DeWick, (BBO #654723)
jdewick@arrowoodpeters.com
Arrowood Peters LLP
10 Post Office Square
Suite 1180-N
Boston, MA 02109

CERTIFICATE OF SERVICE

      I, John (Jed) DeWick, Esq., hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on this 21 day of December, 2012.

                                                 /s/ John DeWick  
                                               John (Jed) DeWick, Esq.

1567790_2