```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

ELAINE M. DECOULOS                 )
                                   )
          Plaintiff,               )   CIVIL ACTION NO.
                                   )   11-10972-DPW
v.                                 )
                                   )
BRUNO L. SCHRODER, ET AL           )
                                   )
          Defendants.              )
```

MEMORANDUM AND ORDER
March 26, 2013

In this action, a pro se plaintiff seeks to open another front to a dispute begun a decade ago in the United Kingdom. I have permitted the plaintiff an extended period of time to put her best case forward. The most recent requested extension she sought was through January 18, 2013 but, without further comment, the plaintiff has still not provided the promised submissions. Under the circumstances, I will take up the motions to dismiss of the several defendants on the basis of the record before me. I do so after denying the motion to amend the complaint the plaintiff belatedly filed without ever responding to the motions to dismiss the initial complaint.

This case is unable to make its way over several hurdles to reach the threshold for consideration on the merits of the various claims plaintiff makes against the defendants.

First, the defamation and infliction of emotional distress claims against all defendants are barred by the statute of limitations. They arise from publications made in the United Kingdom in 2003 and 2004. Under the single publication rule,

which I conclude the Massachusetts Supreme Judicial Court would follow, *cf. Abate* v. *Maine Antique Digest*, No. 03-3799 2004 WL 293903, *1 (Mass. Super. Ct. Jan. 26, 2004); *see generally,* Restatement (Second) of Torts, § 557A, cmt a (1977), the statute of limitations for defamation begins as of the date on which the publication was first made widely available to the public.  In Massachusetts, the statute of limitations for defamation or - in plaintiff's alternative formulation – infliction of emotional distress is three years.  M.G.L. 260 § 4.  This case was filed some seven years after the allegedly defamatory articles were published and made widely available to the public.  The statute of limitations was not somehow reopened by later republication.

Second, this court lacks personal jurisdiction over the Schroder defendants, Associated Newspapers Ltd., Solo Syndication Ltd. and the Scotsman.  These defendants have not had the minimum contacts with Massachusetts required to permit jurisdiction under the Massachusetts Long Arm statute, M.G.L. 223A §3 consistent with the Fourteenth Amendment to the United States Constitution.  These defendants do not transact business in Massachusetts, nor did they cause tortious injury in the Commonwealth.

Third, the plaintiff failed to make proper service on the defendants, despite the extensions of time I have indulged her.

Accordingly, while I GRANT the several motions to seal attending submissions in this matter because they involve personal medical matters or matters ordered sealed by other

courts, I hereby DENY plaintiff's motion (#88) to amend the complaint and GRANT the motions to dismiss of the Schroeder defendants (#29), of defendants ANL and SSL (#39); of defendant Scotsman (#49); of defendant ProQuest (#53) and the Cengage defendants (#83).  The Clerk is directed to terminate this matter.

                                                 ***/s/ Douglas P. Woodlock***
                                                 DOUGLAS P. WOODLOCK
                                                 UNITED STATES DISTRICT JUDGE